UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RONALD D. FRANS,<br>　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>　　　Defendant. | No. 2:18-CV-4<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING R & R

This matter was referred to the Honorable Timothy P. Greeley, United States Magistrate Judge, whom issued a Report and Recommendation ("R & R") on February 11, 2019. (ECF No. 15.) The R & R recommends affirming the Commissioner's decision denying benefits because substantial evidence supported the conclusion that Plaintiff was not disabled and that the Commissioner correctly applied the law in reaching his decision. Plaintiff Ronald Frans timely filed objections (ECF No. 16), and the Commissioner responded. (ECF No. 17.)

Plaintiff is entitled to de novo review on the portions of the R & R for which he has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not obligated to address

objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

Here, Plaintiff has raised two objections. Both of them merely re-raise the arguments already presented to the magistrate judge, largely ignoring the magistrate judge's analysis. (*Compare* ECF No. 12 at PageID.1432 *with* ECF No. 16 at PageID.1501; *Compare* ECF No. 12 at PageID.1439 *with* ECF No. 16 at PageID.1505.) The Court is not obligated to revisit these arguments, which were thoroughly addressed and dispatched by the Report and Recommendation.

Even if that were not true, Plaintiff's objections do not lead to a conclusion that the ALJ's decision was not supported by substantial evidence. First, Frans argues that the pain caused by his fibromyalgia constituted a disability and the ALJ's decision to the contrary was not supported by substantial evidence and must fail. The magistrate judge properly concluded that no objective evidence supported Plaintiff's pain symptoms, and that the ALJ's decision to discount Plaintiff's subjective complaints of pain was supported by substantial evidence. Accordingly, the Court will overrule this objection.

Plaintiff's other objection, that the magistrate judge erred in assessing the opinion evidence considered by the ALJ, also fails. Plaintiff claims that Dr. Wojnewik should have been afforded greater deference for his opinions because he had a "complete record" whereas Dr. Oguejiofor allegedly did not. The magistrate judge addressed this issue in detail and concluded:

> "While Plaintiff *asserts* that Dr. Wojewnick based his findings on records that Dr. Oguijiofor did not have, the ALJ considered Plaintiff's neck limitations and headaches when making Plaintiff's RFC by prohibiting overhead reaching.

2

> The ALJ correctly found that the medical records showed only mild to moderate spine pathology. The RFC took into account each of Plaintiff's physical limitations. In the opinion of the undersigned, the medical record supports the ALJ's determination that Dr. Oguejiofor's medical opinion was entitled to significant weight and Dr. Wojewnick's opinion was entitled to little weight. Substantial evidence supports the ALJ's RFC finding based upon the entire record, which provides support for Dr. Oguejiofor's medical opinion.

(PageID.1496–97 (emphasis added).)

Plaintiff characterizes the R & R's conclusion as "The R & R states while Dr. Oguejiofor did not have the records regarding upper extremity restrictions, the ALJ was correct to review the records on her own and render a medical conclusion contrary to the only doctor who had reviewed these records." (PageID.1506.)

This is clearly not what the magistrate judge concluded, or what the ALJ did. There is nothing improper about an ALJ reviewing medical records, evaluating the opinion of a treating physician, and issuing a reasoned decision for giving less weight to that physician's opinion so long as substantial evidence supports the ALJ's reasoning. *See, e.g., Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). Accordingly, the Court will overrule this objection.

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation as the Opinion of the Court, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff.

This case is **CONCLUDED**, and a separate judgment will issue.

**IT IS SO ORDERED.**

Date: July 16, 2019 /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge

3